IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Stephen B. Wilhite, | C/A No. 8:17-2296-JFA |
| Plaintiff, | |
| vs. | **ORDER** |
| Deputy Gibson, Deputy Erikson, Lt. Solomon, Sgt. Hetitch, Lt. Bowman, Sgt. Riddel, Lt. Butts, | |
| Defendants. | |

Stephen B. Wilhite (Plaintiff), proceeding pro se and *in forma paperis*, brings this action against Deputy Gibson, Deputy Erikson, Lt. Solomon, Sgt. Hetitch, Lt. Bowman, Sgt. Riddel, and Lt. Butts (Defendants) alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff is a state prison inmate at Kirkland Correctional Institution.

Defendants filed a motion for summary judgment on January 24, 2018. (ECF No. 39). By order issued on January 24, 2018, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment dismissal procedure and of the possible consequences if he failed to adequately respond to the motion. (ECF No. 42). Plaintiff filed a response in opposition to Defendants' Motion. (ECF No. 47). Defendants replied. (ECF No. 49). On April 16, 2018, Plaintiff filed a motion to voluntary dismiss the case. (ECF No. 50). Defendant filed a response to Plaintiff's motion consenting to dismissal. (ECF No. 53).

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation (Report) and opines that this court should grant Plaintiff's Motion to Dismiss and should find Defendants' Motion for Summary Judgment moot. (ECF No. 55). The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.   The Magistrate Judge correctly found that Plaintiff's motion to voluntarily dismiss the case should be granted.

The parties were advised of their right to file objections to the Report, which was entered on the docket on May 25, 2018. On June 4, 2018, the Report mailed to Plaintiff was returned as undeliverable. Plaintiff's address was updated and the Report was re-mailed. (ECF No. 62). The parties did not file objections to the Report and the time to do so has now expired. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the Magistrate's recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law.   Accordingly, the court adopts the Report and grants Plaintiff's Motion to Dismiss (ECF No. 50). The court

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

dismisses the Complaint without prejudice.[1] The court further finds that Defendants'

Motion for Summary Judgment (ECF No. 39) is moot.

     IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

June 22, 2018                                 Joseph F. Anderson, Jr.
Columbia, South Carolina                 United States District Judge

---

[1] The court recognizes that the Magistrate Judge recommends dismissing with prejudice due to Plaintiff's failure to object to Defendants' request to dismiss with prejudice. The Magistrate Judge correctly recognized the court has wide discretion under Rule 41(a) of the Federal Rules of Civil Procedure to do so. Even though the court recognizes that it could dismiss with prejudice, out of the abundance of caution the court dismisses without prejudice.